**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
CSX TRANSPORTATION, INC., *et al.*      )
                                        )
              Plaintiffs,               )
      v.                                )Civ. Action No. 05-338 (EGS)
                                        )
                                        )
ANTHONY A. WILLIAMS, *et al.*           )
                                        )
              Defendants                )
_____)

**ORDER**

This case is before the Court for consideration of Plaintiff the United States of America's Motion for Protective Order.  Upon consideration of the parties' submissions and the arguments presented at the September 21, 2005 and September 27, 2005 hearings, the Court is persuaded that factual development is necessary to determine whether the District of Columbia's Terrorism Prevention Act is preempted by the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20106.[1]  Accordingly, it is hereby

---

[1] The Court notes that CSXT's Rule 56 Motion for Summary Judgment remains pending.  Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In this case, there has been virtually no development of the factual record.  Accordingly, consideration of plaintiff's motion for summary judgment is premature at this juncture.  *See Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256-57 (1948)("summary procedures, however salutory where issues are clear-cut and simple, present a treacherous record for deciding issues of far-flung import ....").

**ORDERED** that the United States' Motion for Protective Order is **GRANTED IN PART and DENIED IN PART** and the federal government shall produce all requested documents and information (other than information withheld under valid claims of privilege) reasonably calculated to lead to the discovery of admissible evidence regarding:

1) Whether the federal government has prescribed a regulation or issued an order *covering the subject matter* of the State requirement within the meaning of the FRSA; and

2) Whether the State requirement is *incompatible* with a law, regulation, or order of the United States Government;

and it is

**FURTHER ORDERED** that the United States shall produce a detailed log of all documents and information that it seeks to withhold under any claim of privilege (including classification as sensitive security information ("SSI")), setting forth for each document all of the information to be provided pursuant to Fed. R. Civ. P. 26(b)(5)--including a description sufficiently detailed so as to enable the other parties and the Court to assess the applicability of the cited privilege; and it is

**FURTHER ORDERED** that the United States shall produce to the Defendants the documents, information, and privilege log(s) described above by no later than **October 27, 2005;** and it is

**FURTHER ORDERED** that the parties shall meet and confer in

2

order to file a joint proposal for further proceedings by no later than **November 3, 2005**; and it is

**FURTHER ORDERED** that a status conference is scheduled for **November 9, 2005 at 9:30 a.m.** in Courtroom 1.

The Court notes that all parties agree that their first priority is to protect the District of Columbia rail corridor from terrorist attacks, and that cooperation between all levels of government is critical to achieve that goal. *See* U.S. Resp. to Def.'s Mot. to Compel at 2 ("As a partner in the federal government's efforts to protect the District of Columbia rail corridor from terrorist attacks, the District of Columbia also has a 'need to know' certain SSI.").  The Court sincerely hopes that this spirit of cooperation pervades these proceedings and informs the parties' decisions pursuant to this Order.  The Court remains available to assist in shaping and enforcing any appropriate protective orders.  *See* 49 U.S.C. § 15.15(e) (providing the Secretary of Transportation with discretion to share specific records or information that constitute SSI subject to such limitations and restrictions necessary to ensure transportation safety).

**IT IS SO ORDERED.**


**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **September 27, 2005**